## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

CHARLES E. RASH, )
)
    Petitioner, )
)
v. )        Civil Action No. 3:10CV836–HEH
)
PATRICIA STANSBERRY, )
)
    Respondent. )

### MEMORANDUM OPINION
#### (Dismissing § 2241 Petition)

Charles E. Rash, a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rash asserts that he is entitled to a credit against his federal sentence for time he served on state charges. Respondent filed a motion to dismiss asserting that Rash's sentence was correctly calculated.[1] Respondent provided Rash with appropriate *Roseboro*[2] notice. Rash has responded. The matter is ripe for decision.

---

[1] As this Court has previously informed Respondent, a motion to dismiss which refers to matters outside of the pleadings is treated as a motion for summary judgment. (Mem. Order 1, *Rash v. Stansberry*, No. 3:08CV94 (E.D. Va. Nov. 12, 2008).). Accordingly, the Court does not rely on the substance of the affidavit or attachments included with Respondent's motion to dismiss.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. PROCEDURAL HISTORY

Rash is before the Court on yet another attempt to secure a determination that he is entitled to credit for time served in state prison.[3]

In November 2001, the State of Maryland extradited Rash from the West Virginia state authorities who had arrested him. The State of Maryland sentenced Rash to an eight-year term of imprisonment.

While in state custody, the United States District Court in West Virginia issued a writ of habeas corpus ad prosequendum. On January 3, 2002, the federal authorities borrowed Rash from state custody and transported Rash to West Virginia for his federal trial for distribution of crack cocaine. On July 8, 2002, the United States District Court for the Northern District of West Virginia ("Federal Sentencing Court") sentenced Rash to 151 months imprisonment. The Federal Sentencing Court made no mention of whether Rash's sentence would run concurrent with or consecutive to his state sentence.[4] The federal authorities then returned Rash to the physical custody of the State of Maryland.

---

[3] This Court takes judicial notice of the record in Rash's criminal case in the Northern District of West Virginia, *Rash v. United States*, No. 3:01-CR-25 (N.D. W. Va.), as well as his previous attempt to raise this issue in the Eastern District of Virginia, *Rash*, No. 3:08CV94, 2009 WL 632606 (E.D. Va. Mar. 11, 2009). *See Brown v. Lippard*, 350 F. App'x 879, 882 n.2 (5th Cir. 2009) (citing cases for the proposition that a Court may take judicial notice of the opinions in a related case).

[4] "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

On August 16, 2006, the State of Maryland released Rash to the custody of federal authorities because Rash had completed his state term of imprisonment. Rash's federal sentence was calculated as beginning on that day.

On January 24, 2008, Rash filed a motion in the Northern District of West Virginia seeking a judicial determination that he was entitled to federal credit for time he served on state charges. Mot. Modification, *United States v. Rash*, No. 3:01-CR-25 (N.D. W. Va. Jan. 24, 2008) (ECF No. 635). The Court considered the motion and ordered that the motion initiate a new § 2241 action in that Court. Order, *Rash*, No. 3:01-CR-25 (N.D. W. Va. Feb. 4, 2008) (ECF No. 642). The Northern District of West Virginia transferred that new habeas action to this federal District Court. Transfer Order, *Rash v. United States*, No. 3:08-cv-41 (N.D. W. Va. Feb. 5, 2008) (ECF No. 4).[5]

On February 9, 2009, the Federal Sentencing Court granted Rash's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582, and reduced his sentence from 151 months to 121 months imprisonment. Order, *Rash*, No. 3:01-CR-25 (N.D. W. Va. Feb. 9, 2009) (ECF No. 696). Rash subsequently filed a Motion to Correct Clerical Error, in which he sought a judicial determination that he was entitled to credit for the time he spent in pre-trial custody. Mot. Correct Clerical Error, *United States v. Rash*, No. 3:01-CR-25 (N.D. W. Va. Apr. 9, 2009) (ECF No. 709). By Order entered on April 15, 2009, the Federal Sentencing Court denied Rash's motion because "[t]he transcript of Mr.

---

[5] This action is discussed in more detail *infra* in Part I.E.

Rash's sentencing hearing . . . is completely devoid of any reference to credit for any time served." Order 1–2, *Rash*, No. 3:01-CR-25 (N.D. W. Va. Apr. 15, 2009) (ECF No. 712) .

Thereafter, Rash filed a Motion for Judicial Recommendation Regarding Designation for Service of Federal Sentence. Mot. Judicial Recommendation, *Rash*, No. 3:01-CR-25 (N.D. W. Va. Jan. 26, 2010) (ECF No. 733). In that motion, Rash again sought a judicial determination that he was entitled to credit for time served during his state sentence. Rash contended that it was the federal sentencing judge's "intent—based on his silence on the issue—to recommend that he be given credit for time served from the time period spent in Maryland state custody from July 8, 2002, to August 16, 2006." *Rash v. United States*, No. 3:01-CR-25, 2010 WL 6794691, at *1 (N.D. W. Va. Jan. 28, 2010).

The Federal Sentencing Court explained that it had "previously addressed this issue Defendant now raises" when it denied Rash's Motion to Correct Clerical Error. *Id.* The Court further explained "that the transcript from Mr. Rash's sentencing hearing is completely devoid of any reference to credit for any time served, with the exception of that recommendation that he receive credit since January 3, 2002, the date of his arraignment, until July 8, 2002, the date [the federal sentencing judge] imposed sentence." *Id.* The Federal Sentencing Court then discussed the fact that the Bureau of Prisons ("BOP") "has broad authority in implementing the sentence imposed by the Court." *Id.* "For instance, it is the BOP, and not the district judge, that has the authority to determine when a sentence is deemed to commence and whether the defendant should

4

receive credit for time spent in prior custody." *Id.* (citing *United States v. Pinevro*, 112 F.3d 43, 45 (2d Cir. 1997); *Mixon v. Paul*, 175 F.2d 441 (4th Cir. 1949)).

The Federal Sentencing Court further explained that "a federal sentence cannot begin to run prior to the date it is pronounced, even where the sentence is made concurrent with a sentence already being served." *Id.* (citing *United States v. Flores*, 616 F.2d 840 (5th Cir. 1980)). The Federal Sentencing Court concluded that it was "clear that the defendant's motion must fail." *Id.* at *2. The Federal Sentencing Court was unable to "credit the time spent in state custody to [Rash's] federal sentence because that time was 'credited against another sentence,' and because the detainer did not [a]ffect the defendant's state-custody status." *Id.* (quoting 18 U.S.C. § 3585(b)) (citing *Thomas v. Whalen*, 92 F.2d 358, 359 (4th Cir. 1992)).

Unsatisfied, Rash filed a motion for reconsideration. Mot. Recon., *Rash*, No. 3:01-CR-25 (N.D. W. Va. Feb. 12, 2010) (ECF No. 737). The Federal Sentencing Court again reviewed the applicable law and applied it to the facts of Rash's case. *Rash v. United States*, No. 3:01-CR-25, 2010 WL 6794692, at *1 (N.D. W. Va. Feb. 16, 2010). The Federal Sentencing Court concluded that Rash was not entitled to a concurrent sentence because (1) the BOP, and not the judge, determines when a sentence is deemed to commence and whether a defendant should receive credit for time served; (2) a federal sentence cannot start running before the sentence is pronounced; (3) the sentencing judge did not order a concurrent sentence; (4) credit for time served may not be applied to a sentence if the time in custody had been applied to another offense; and (5) petitioner was

5

in the primary custody of the state when he was sentenced by the federal Court, and the detainer did not alter that. The Federal Sentencing Court emphasized that it could not "credit the time spent in Maryland state custody to his federal sentence because that time was 'credited against another sentence.'" *Id.* (quoting 18 U.S.C. § 3585(b)).

Rash appealed this determination to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit "reviewed the record and [found] no reversible error." *United States v. Rash*, 393 F. App'x 997, 997 (4th Cir. 2010).

Rash's first petition under § 2241 presented the same arguments he litigated in West Virginia. *See* Pet. Writ J. Order, *Rash v. Stansberry*, No. 3:08CV94 (E.D. Va. Feb. 5, 2008) (ECF No. 5). Ultimately, he sought a determination that he was entitled to have his state sentence credited toward his federal sentence. The Court denied Rash's petition without prejudice because he failed to exhaust his administrative remedies with the BOP. *Rash v. Stansberry*, No. 3:08CV94, 2009 WL 632606, at *3 (E.D. Va. Mar. 11, 2009).

## II. ANALYSIS

In his present petition for a writ of habeas corpus, Rash raises the same tired arguments regarding his entitlement to have his state sentence credited against his federal sentence. All of these arguments have been rejected numerous times by the Federal Sentencing Court. Nevertheless, in the interest of making a final determination in this District, the Court will decline to estop Rash from collaterally challenging these previous determinations and address his arguments on the merits.

### A.     Judge Broadwater's Recommendation

When the Federal Sentencing Court sentenced Rash, the late Judge Broadwater made three recommendations to the BOP:

> 1.   That the defendant participate in the Bureau of Prison's 500 Hour Residential Drug Treatment Program;
>
> 2.   That the defendant serve his sentence in a facility closest to his residence in Charles Town, West Virginia; and
>
> 3.   *That the defendant receive credit for time served since January 3, 2002.*

Mot. Judicial Recom., Ex. 2, at 2, *United States v. Rash*, No. 3:01-CR-25 (N.D. W. Va. filed Jan. 26, 2010) (ECF No. 733)(emphasis added).  Rash contends that this recommendation, which was signed on July 8, 2002, entitles him to receive credit for time served since January 3, 2002, the date federal authorities borrowed Rash from state custody.  (§ 2241 Pet. 3.)

### B.     Commencement of Federal Sentence

As a preliminary matter, a federal sentence cannot begin before it is pronounced. *Holmes v. Stansberry*, No. 3:09cv165, 2010 WL 174106, at *1 (E.D. Va. Jan. 15, 2010) (citing *United States v. Labeille-Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998)).  The statute that governs the commencement of a federal prisoner's sentence states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a). When a state has primary jurisdiction over the defendant, federal custody "commences

7

only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998).

There is one exception to this rule. "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.* at 911–12 (citing *Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir. 1990); *see* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005). This did not occur in Rash's case.[6]

### C.    The State's Primary Custody Over Rash

When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Sanchez v. Coakley*, No. CCB-10-1585, 2011 WL 334692, at *3 (D. Md. Jan. 28, 2011) (citing *Evans*, 159 F.3d at 912); *see also Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010) ("'Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration.'" (quoting *United States v. Warren*, 610 F.2d 680,

---

[6] In Rash's § 2241 petition he requests that this Court order that the BOP make a *nunc pro tunc* designation that his state facility was the official place of incarceration for his federal sentence. That determination is relegated to the sound discretion of the BOP. *Trowell*, 135 F. App'x at 593. In fact, the BOP may not even give controlling weight to a federal Court's recommendation. *Id.* at 595 ("BOP may not simply defer entirely to the will or the reasoning of the federal sentencing court when faced with an inmate's request for nunc pro tunc designation.").

684-85 (9th Cir. 1980))). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence." *Papadapoulous v. Johns*, No. 5:09-HC-2009-FL, 2011 WL 1104136, at *5 n.4 (E.D.N.C. Mar. 22, 2011) (citing *United States v. Cole*, 416 F.3d 894, 896–97 (8th Cir. 2005); *McCollough v. O'Brien*, No. 7:06-CV-712, 2007 WL 2029308, at *1 (W.D. Va. July 10, 2007)). Neither the "borrowing" nor the detainer effected a transfer of primary custody. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008); *Thomas v. Whalen*, 962 F.2d 358, 360–61 (4th Cir. 1992). Rash was "received" when the federal authorities obtained primary jurisdiction over Rash on August 16, 2006 after the expiration of his state sentence. Accordingly, Rash's federal sentence began on August 16, 2006.

### D.    Credit for Prior Custody

In some circumstances, the BOP may grant an inmate credit against his federal sentence for time served before the federal sentence was imposed. 18 U.S.C. § 3585(b). However, prior custody credit may not be granted for any time period for which a defendant has "been credited against another sentence." *Id.* In this case, the time from January 3, 2002 until July 8, 2002 was credited toward the sentence for which Rash was in primary custody—his state sentence. Accordingly, the BOP could not grant credit for this time frame. *United States v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 1355–56 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time.").

9

Rash's contention that the BOP must follow Judge Broadwater's recommendation is foreclosed by Supreme Court precedent. The statute which controls credit for prior custody, 18 U.S.C. § 3585(b), "does not permit a district court to determine the extent of such credit at sentencing." *United States v. Brown*, 343 F. App'x 934, 936 (4th Cir. 2009) (citing *Wilson*, 503 U.S. at 334, 112 S. Ct. at 1354). "Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit." *Id.* (citing *Wilson*, 503 U.S. at 334–35, 112 S. Ct. at 1354).

## III. CONCLUSION

Rash's federal sentence began on August 16, 2006. He was not entitled to credit for time served while in physical custody of federal authorities prior to July 8, 2002 because that time was credited toward his state sentence. He was not entitled to credit for time served after July 8, 2002 because the BOP did not designate his state facility as the official location of his federal incarceration. The applicable "statute properly grants BOP the authority to exercise sound discretion" when making this designation. *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005).

Because Rash's petition for a writ of habeas corpus does not state a claim upon which relief may be granted, even when construing all facts in Rash's favor, Respondent's motion to dismiss will be granted. Rash's petition for a writ of habeas

corpus will be denied. Rash's remaining motions[7] will be denied as moot. The action will be dismissed.[8]

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: July 22, 2011
Richmond, Virginia

---

[7] On April 25, 2010, Rash filed a motion to grant him full credit of all prior jail time already served. He also filed a motion for summary judgment on May 24, 2010. These two motions seek the same result as his § 2241 petition. The Court notes that neither of these motions adhere to the local civil rules for filing a motion. *See* E.D. Va. Loc. Civ. R. 7(F) ("All motions . . . shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies.").

[8] A certificate of appealability is not required in § 2241 actions. *Sanders v. O'Brien*, 376 F. App'x 306, 306 (4th Cir. 2010); 28 U.S.C. § 2253(c).